Alan **KASSEBAUM**, Petitioner–
Appellant,

v.

James **WALSH**, Superintendent,
Respondent–Appellee.

No. 03–2070.

United States Court of Appeals,
Second Circuit.

March 12, 2004.

* The Honorable Damon J. Keith, of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Randolph Z. Volkell, Merrick, NY, for Appellant.

Sandra E. Cavazos, Assistant District Attorney (Robert M. Morgenthau, New York County District Attorney, Mark Dwyer, Assistant District Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, LEVAL, Circuit Judge, and GLEESON, District Judge.*

SUMMARY ORDER

Petitioner-appellant Alan Kassebaum is currently serving prison sentences for Attempted Criminal Possession of a Controlled Substance in the First Degree and Conspiracy in the Second Degree. He appeals the denial of his habeas petition under 28 U.S.C. § 2254 by the District Court of the Southern District of New York (Alvin K. Hellerstein, *District Judge*). Although the district court declined to do so for any of his many habeas claims, this court, on May 22, 2003, granted a certificate of appealability "on the issue of whether appellant was denied his constitutional right to a speedy trial." While we review a district court's denial of a habeas corpus petition *de novo, Sellan v. Kuhlman*, 261 F.3d 303, 308 (2d Cir.2001), because we conclude that the state court's decision about this issue was not contrary to, or an unreasonable application of, federal law, as established by the United States Supreme Court, we affirm pursuant to the standard of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1217 (codified at, *inter alia*, 28 U.S.C. § 2254).

We find that it was not an unreasonable application of federal law, as established by the Supreme Court, for the state courts not to find a violation of the Sixth Amendment's guarantee of a speedy trial. The 27 months between Kassebaum's arrest and trial, while long, was explained by the complexity of the trial, pre-trial proceedings, discovery disputes, the number of defendants, successive plea negotiations, and other delays that are justifiable under reasonable applications of Supreme Court holdings on the subject. *See, e.g., Doggett v. United States*, 505 U.S. 647, 656–58, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *United States v. Loud Hawk*, 474 U.S. 302, 315, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986); *Barker v. Wingo*, 407 U.S. 514, 530–31, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Accordingly, pursuant to AEDPA, which requires that we do not disturb state decisions that are not unreasonable applications of federal law as established by the Supreme Court, we affirm the judgment of the district court.

We have carefully considered all of appellant's arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.